## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SHEETS, | ) |
| Plaintiff, | ) )  )  CIVIL ACTION NO. 3:07-232 |
| v. | )  )  JUDGE KIM R. GIBSON |
| CITY OF JOHNSTOWN, JOHNSTOWN POLICE DEPARTMENT, OFFICER KABLER, and ROBERT CAROTHERS | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**I. History**

Michael Sheets ("Plaintiff"), an inmate at SCI-Cresson, sought to file an action against the above-named Defendants, alleging violations of 42 U.S.C. § 1983, assault, battery, and "official oppression" in relation to Plaintiff's arrest in the City of Johnstown by Defendants Kabler and Carothers, City of Johnstown police officers. Document No. 1-2. As a preliminary matter, on October 21, 2007 Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"). Document No. 1. United States Magistrate Judge Caiazza ordered Plaintiff to submit "a certified copy of his institutional account statement" the same day. Document No. 2.

Plaintiff objected to the order, arguing that he was not bound by the terms of the Prison Litigation Reform Act, 42 U.S.C. § 1997 *et seq.*, ("PLRA"), claiming it "applies only and exclusively to 'prison conditions litigation'"; Plaintiff's arrest occurred while he was "on the streets in society"; and the arrest therefore did not involve a prison condition. Document No. 3. Plaintiff argued that since there was no prison condition involved, he could not "be required to pay the filing fee" required by 28

1

U.S.C. § 1915(2). *Id.*

Magistrate Judge Caiazza ultimately issued an order granting Plaintiff's motion to proceed IFP. Document No. 9. The order required payment of the filing fee in monthly installments pursuant to the terms of 28 U.S.C § 1915(b). *Id.* Plaintiff has appealed that decision pursuant to Local Rule 72.1.3(B). Document No. 11.

## II. Analysis

Plaintiff's attempt to limit the PLRA's application to prison conditions is misguided and his citation of *Porter v. Nussle.* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d. 12 (2002) is inapposite. *Porter* merely considered whether the PLRA "governs only conditions affecting prisoners generally, [and] not single incidents," a question that has nothing to do with the instant appeal. *Porter*, 534 U.S. at 520, 122 S.Ct. at 986, 152 L.Ed.2d. at 19. Moreover, as much as Plaintiff would like the Court to look upon him, for the purposes of his action, as no different from any non-incarcerated litigant who comes before it, Congress has decreed otherwise. In crafting the terms of the PLRA Congress had important policy reasons for distinguishing between prisoners and the rest of society, and 28 U.S.C. § 1995(b) is, *inter alia*, the result.

The PLRA was enacted in 1996 "largely in response to concerns about the heavy volume of frivolous prisoner litigation in the federal courts." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). Congress found that one of the root causes of this "alarming explosion" was the ease with which prisoners could obtain IFP status, and hence their relative immunity from the "economic disincentives" that curb the general population's appetite for spurious litigation. *Id.*; 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995)(statement of Sen. Dole). Congress therefore chose to create at least some economic disincentive to the filing of prisoner suits by adopting 28 U.S.C. § 1915(b), which does

2

not relieve the prisoner of the costs of filing, but merely allows their payment in monthly installments. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002); *Abdul-Akbar*, 239 F.3d at 312; *Booth v. Churner*, 206 F.3d 289, 298 n.9 (3d Cir. 2000).

Plaintiff is currently incarcerated, rendering him a prisoner within the meaning of the PLRA. *See* 28 U.S.C. § 1915(h). He has brought a lawsuit that is neither a criminal nor a habeas corpus action. It therefore qualifies as a civil action within the meaning of 28 U.S.C. § 1915(2). *See Madden v. Myers*, 102 F.3d 74, 76-77 (3d Cir. 1996); *Santana v. United States*, 98 F.3d 752, 754-56 (3d Cir. 1996).

### III. Conclusion

To the extent that the fee requirements of 28 U.S.C. § 1915(b) have caused Plaintiff to reflect upon the merits of his suit they have been successful. In any event, Plaintiff remains subject to their terms.

## ORDER

**AND NOW**, this 7th day of November, 2007, the Court having considered Plaintiff's Appeal, (Document No. 11), it is **HEREBY ORDERED** that the appeal is **DENIED**.

BY THE COURT

*Kim R. Gibson*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**