# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SHEETS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:07-232 |
| v. | ) |
| | ) JUDGE KIM R. GIBSON |
| CITY OF JOHNSTOWN, JOHNSTOWN | ) |
| POLICE DEPARTMENT, OFFICER | ) |
| KABLER, AND ROBERT CAROTHERS | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. History

On August 26, 2008, Michael Sheets ("Plaintiff"), an inmate at SCI-Cresson, filed a Motion For Appointment of Counsel And To Stay Case Management Order Pending Appointment of Counsel (Doc. No. 40). On September 22, 2008, Magistrate Judge Cathy Bissoon issued an order that denied Plaintiff's Motion (Doc. No. 42) (hereinafter "Magistrate's Order"). Acting under Local Rule 72.1.3(b), Plaintiff filed an appeal of Magistrate Judge Bissoon's order on October 1, 2008 (Doc. No. 43) (hereinafter "Plaintiff's Appeal"). Plaintiff's Appeal argues that the Magistrate's Order contained several factual and legal errors.

### II. Analysis

This Court will only modify the Magistrate's Order if it is found to be clearly erroneous or contrary to the law. Following the ruling of a Magistrate Judge on a nondispositive motion, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a). The Western District of Pennsylvania Local Rules provide similar instructions: "A judge of the court shall consider the appeal and set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

The judge may also reconsider any matter sua sponte." W.D. Pa. L.R. 72.1.3(B).

District courts' discretionary authority to request counsel to represent an indigent civil litigant derives from 28 U.S.C. § 1915(e)(1), which provides: "The court may request an attorney to represent any person unable to afford counsel." However, district courts do not have authority to compel counsel to undertake that representation. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d. 318 (1989).

The Third Circuit, in Tabron v. Grace, 6 F. 3d 147 (3d Cir. 1993), set forth standards for a district court to consider in determining whether to request counsel for an indigent civil litigant. In addition to laying out an analytical framework, Tabron acknowledged the practical constraints faced by district courts in addressing a large amount of civil litigation from the prison population, especially given the limited supply of competent attorneys willing to undertake such representation without compensation. Id. at 157.

The Tabron factors should be analyzed only where the requesting civil plaintiff's initial pleading states a prima facie case. "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." Id. at 155. The Magistrate's Order does not discuss this threshold issue; however, the Magistrate's Order proceeds to discuss all of the Tabron factors, meaning that the Magistrate must have found the claim to have some merit in fact and law. The Magistrate's Order's absence of discussion of the merits of the case may in part be attributable to the paucity of information currently available to the Court in the record. The Defendant's Answer is particularly problematic, as it contains only a terse and generic denial of all of Plaintiff's Complaint. Def.'s Answer, Doc. No. 37. This leaves the Court with little more than the Plaintiff's Complaint upon which to assess the merits of the case. Hence, the Court finds nothing clearly erroneous in the Magistrate's apparent finding that the Plaintiff's

2

claim has arguable merit in fact and law.

After a determination that a plaintiff's claim has arguable merit, a district court then considers the additional Tabron factors. These factors include: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations, and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 156.

The Court will now briefly describe each factor, and review the Magistrate's Order's analysis. Note that even if this Court presently analyzes the facts of this case differently than the Magistrate's Order did, this Court is not conducting a *de novo* review. Instead, this Court is reviewing the Magistrate's Order only for clearly erroneous findings or analysis that is contrary to law.

As to factor one, a plaintiff's ability to present his case, Tabron specifically explains that courts "should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Id. Additionally, Tabron explains that a plaintiff's ability to understand English may be considered. Id. In analyzing this factor, the Magistrate's Order found that "Sheets has shown himself more than capable of presenting and arguing the merits of the claim." Plaintiff's Appeal labels this finding "erroneous" by arguing that the legal issues are in fact difficult, and that Sheets is not capable of presenting and arguing the merits of his claims. Doc. No. 43, p. 3. In support of this argument, Plaintiff avers that he is semi-illiterate and has not actually prepared any of his own filings. Id. Instead, Plaintiff's Appeal asserts that all of Plaintiff's filings have been prepared by a "jailhouse lawyer" and that Plaintiff himself is not capable of pursuing the claim. Id. Regardless of who has prepared Plaintiff's filings in the past, this Court finds the Magistrate's Order was not clearly erroneous in its

3

findings that Sheets would be capable of presenting the merits of his claims. While it is true that Plaintiff may not have all of the training of a licensed attorney, the Court will grant him, as it does all *pro se* litigants, greater leeway with respect to technical rules of pleading and procedure. See Riley v. Jeffes, 777 F.2d 143, 147-48 (3d Cir. 1985).

As to factor two, the difficulty of the particular legal issues, a court "should be more inclined to appoint counsel if the legal issues are complex." Tabron, 6 F.3d at 156. The Magistrate's Order found that the legal issues were not particularly difficult; this Court agrees that a suit alleging excessive force by an arresting officer is not legally complicated. Therefore, the Magistrate's finding was not clearly erroneous.

As to factor three, the degree of need for a factual investigation, Plaintiff rightly points out that the factual investigation may be somewhat extensive and difficult to conduct while incarcerated. Doc. No. 43, p. 3. The Magistrate's Order found that a factual investigation could be adequately pursued by Sheets. Admittedly, incarceration complicates a self-conducted factual investigation; however, preliminary investigation may likely be conducted via mail or other means. Based upon the evidence in the record, and after consideration of Plaintiff's argument, this Court finds that the Magistrate's finding regarding the need for a factual investigation was not clearly erroneous.

Factor four, the plaintiff's capacity to retain counsel on his or her own behalf, was apparently not engaged in the Magistrate's Order. However, this Court now acknowledges that Plaintiff claims to have received the assistance of a Mr. Theodore B. Savage; while Mr. Savage disclaims his ability to assist Plaintiff in the future, the very fact that Mr. Savage has previously assisted is evidence of plaintiff's apparent capacity to seek out and obtain assistance in pursuing his claim. The Court further notes that pleadings of a *pro se* litigant are assumed to be personally prepared by the party, unless an appearance of record is entered by a licensed attorney who has agreed to represent the party.

4

Factor five is the extent to which a case will turn on credibility determinations. The Magistrate's Order found that factor five weighed in favor of appointing counsel; this finding was not clearly erroneous.

As to factor six, whether the case will require testimony from expert witnesses, the Magistrate's Order states: "there is no indication that the case will require testimony from expert witnesses." Plaintiff's Appeal argues that medical and Taser experts will be needed to help prove his case. Doc. No. 43, p. 4. Upon weighing Plaintiff's argument and the available information in the record, this Court finds that experts may be mildly helpful to proving Plaintiff's case. However, experts are not necessary to proving Plaintiff's case; therefore, the Magistrate's finding was not clearly erroneous.

Upon a review of all of the Tabron factors in light of the record, this Court finds that Magistrate Bissoon's Order was not clearly erroneous, was not contrary to law, and cannot be overturned. In a legal environment with unlimited resources, Plaintiff's request would likely receive a different response from Magistrate Bissoon. With counsel, Plaintiff's case would likely be handled more ably and efficiently, which would benefit both Plaintiff and society. However, the Court's freedom of decision-making is of necessity bound by the extremely minute amount of available free legal resources. See Tabron, 6 F. 3d at 157.

Despite the Court's present inability to overturn the Magistrate's Order, the Court acknowledges that if this case progresses to the point where trial appears imminent, Plaintiff may then have a stronger argument. "[A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte*." Tabron, F.3d at 156. According to Tabron, the overarching concern in determining whether to mete out limited legal resources is the merits of the claim. Id. at 155. If this case progresses, and its merits become manifestly more apparent in the record, Plaintiff may again petition the Court to exercise its discretion to request counsel.

An appropriate order follows.

## ORDER

**AND NOW,** this 8th day of October, 2008, having considered Plaintiff's Appeal (Doc. No. 43), **IT IS HEREBY ORDERED** that the Appeal is **DENIED**.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**